# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GRAYLON DILLON,

    Defendant.

Case No. 2:03-CR-00577-KJD-RJJ
         2:07-CV-01111-KJD-RJJ

**ORDER**

      Currently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (#114). The Government filed a Response in Opposition (#118), to which Defendant filed a Reply (#119). Defendant seeks relief under 28 U.S.C. § 2255 by averring ineffective assistance of counsel during the underlying proceedings before this Court.

**I. Background**

      The Defendant was arrested on December 9, 2003, and a one-count Criminal Indictment was returned by a federal grand jury, charging Defendant with Possession of a Controlled Substance with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). On November 15, 2005, the Defendant entered a change of plea, with a condition to reserve his right to appeal the denial of his Motion to Suppress.

On March 30, 2006, the Defendant was sentenced to a term of 84 months imprisonment; 5 years of supervised release; and an assessment of $100.00.  On April 6, 2006, the Defendant filed a Notice of Appeal.  On or about July 24, 2006, the Defendant filed an Appeal Brief.  On March 1, 2007, the ninth Circuit Court of Appeals denied the Petitioner's Appeal.

Defendant now avers that he received ineffective assistance of counsel in the underlying case, because the he was informed by his counsel prior to sentence that "upon completion of the drug program [RDAP], he would receive a (1) year reduction in sentence" and was subsequently denied said reduction by the Board of Prisons.  (#114 at 3.)  Defendant also alleges that "[t]he court addressed counsel and Petitioner as part of the record that despite his prior record that he was eligible, and would receive (1) year off his sentence for participating in the drug program." (#114) Defendant is mistaken.

**II. Legal Standard**

    **A.  Claims of Ineffective Assistance of Counsel**

It is undisputed that this issue was not raised in his direct appeal, because Defendant was not denied eligibility for the sentence reduction under 18 U.S.C. § 3621(e)(2)(B) by the Board of Prisons until after his appeal was final.  Since Defendant failed to raise any of these claims on direct appeal, a § 2255 motion is only available if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence."  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance.  See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991).  However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy.  See id. at 752.

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel.  Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an

2

objective standard of reasonableness. See id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail. See id. at 687.

Defendant here, asserts that his counsel advised him that "if he took the plea he would be eligible for a one year sentence reduction for completion of RDAP." (#119 at 2.) Defendant claims that this advice induced him to plead guilty. However, the record reflects that at the plea hearing, the Court canvassed Defendant thoroughly regarding his decision to plead guilty, and that Defendant's responses directly contradict his assertions here. During the plea colloquy on November 15, 2006, the Defendant informed the Court that he had read the plea agreement, wherein the Court asked, "[o]ther than matters that are set out in the plea agreement memorandum, has anyone made a promise to you that has induced you to plead guilty?" The Defendant responded, "no." (Minutes of Change of Plea Proceedings at 13.)

A review of the Plea Memorandum dated November 15, 2005, demonstrates that no promise was made that Defendant would receive a reduction of sentence for participation in the drug program. Contrary to Defendant's instant assertions, the Court did not inform Defendant that he would receive a reduction of his sentence for participation in a drug program. Instead, the Court asked Defendant if he understood that "if I do sentence you to a sentence that is more severe than that

requested or recommended" he would not be able to withdraw his plea, to which Defendant responded, "yes." (Minutes of Change of Plea Proceedings at 13.)

At sentencing on March 30, 2006, the Court recommended only that the Defendant "be allowed to participate in the intensive drug program, if available, at the designated facility, wherever it may be." (Minutes of Sentencing Proceedings pg 22.)

Finally, Defendant cannot show that he was prejudiced by pleading guilty, under the second prong of the Strickland test. If he had not pled guilty and gone to trial, there is no "reasonable probability" that but for counsel's advice, she would have prevailed at trial. See Strickland, 466 U.S. at 694.

Moreover, in view of his 84-month prison sentence, even a 12-month "mistake" as to the length of sentence estimate would not constitute a "gross mischaracterization" within the meaning of the Ninth Circuit precedent. See, e.g., United States v. Iaea, 800 F.2d 861, 864–65 (9th Cir. 1986) (possible to establish ineffectiveness and prejudice in connection with attorney's pretrial assessment of sentencing exposure only where estimate constitutes gross mischaracterization of likely outcome); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (finding no "gross mischaracterization" where defendant receives sentence 36-months higher than attorney had estimated). Thus, Defendant cannot show that he sustained "prejudice" as a result of anything his attorney did or did not tell him.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (#114) is **DENIED**.

DATED this 30th day of September 2010.

_____
Kent J. Dawson
United States District Judge